IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Edwin Evander Small, Jr., ) | Case No. 1:23-cv-06413-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Lt. Matvsiewicz, Cpl. Gee, Sgt. Chris ) | |
| Neal, Food Service Supervisor, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 37.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

By Orders dated December 19, 2023, January 16, 2024, and January 31, 2024, Plaintiff was advised of his duty to keep the Court informed of his current address. [Docs. 7 at 2–3; 10 at 2–3; 14 at 3.] On August 2, 2024, Defendants Gee, Matvsiewicz, and Neal filed a motion for summary judgment. [Doc. 31.] On August 5, 2024, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 32.] Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond.

On September 10, 2024, the Court ordered Plaintiff to advise the Court whether he wished to continue with the case and to file his response to the summary judgment motion by September 24, 2024. [Doc. 35.] Plaintiff was further advised that if he failed to respond, his claims would be subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and for failure to comply with this Court's Orders. [*Id.*] Again, Plaintiff filed no response.

On October 1, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed for failure to prosecute. [Doc. 37.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 3.] No objections have been filed, and the time to do so has lapsed.[*]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating

---

[*] On October 22, 2024, the Report that had been mailed to Plaintiff by the Court was returned, marked "RETURN TO SENDER/NOT DELIVERABLE AS ADDRESSED/UNABLE TO FORWARD." [Docs. 41; 41-1.]

2

that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge.  Additionally, it appears to the Court that Plaintiff's address has changed.  As stated, Plaintiff has been warned multiple times to always keep the Court apprised in writing of his current address if his address changes.  [Docs. 7 at 2–3; 10 at 2–3; 14 at 3.]  Because Plaintiff did not respond to the summary judgment motion and the time for response has lapsed, and because he has failed to keep the Court apprised of his current mailing address, he has failed to prosecute this case and has failed to comply with the Orders of this Court.  As Plaintiff has already ignored this Court's Order and deadlines, sanctions less drastic than dismissal would not be effective.

Accordingly, this action is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  As a result, the motion for summary judgment [Doc. 31] is FOUND AS MOOT.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

November 4, 2024
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.